IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, #312547, ) | |
| ) | Civil Action No. 6:10-978-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John Ozzmit, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is on the plaintiff's motion to dismiss (doc. 33). The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. He alleges that he is a member of Nations of Gods and Earths, which is commonly referred to as the Five Percenters. The plaintiff seeks injunctive relief only. Specifically, he requests that the court order defendant Jon Ozmint, who is the Director of the South Carolina Department of Corrections ("SCDC"), to un-designate the Five Percenters as a "security threat group" under the SCDC Security Threat Group Policy.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      On October 18, 2010, the defendant moved for summary judgment, arguing that the plaintiff failed to exhaust his administrative remedies. By order filed October 19, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff failed to file a timely response to the motion. Accordingly, this court issued an order on December 14, 2010, advising the

plaintiff that if he failed to file his response on or before January 7, 2011, the action would be subject to dismissal for failure to prosecute. On January 3, 2011, the plaintiff filed a motion to dismiss stating: "I wish to dismiss this complaint because it's a waste of everyone's time. Whereas I'm not going to get the relief I'm seeking because I've to exhaust available state remedies" (pl. m. to dismiss at 1). The defendant filed his response on January 5, 2011, stating that he had no objection to the voluntary dismissal as he had "been seeking that very relief - a dismissal of this action based upon the Plaintiff's failure to exhaust administrative remedies . . ." (def. resp. m. to dismiss at 1).

Under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at the plaintiff's request only by court order. Based upon the foregoing, this court recommends that the plaintiff's motion to dismiss (doc. 33) be granted without prejudice. Should the district court adopt this court's recommendation, the defendant's motion for summary judgment (doc. 28) will be rendered moot.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

January 26, 2011

Greenville, South Carolina